**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000163
28-FEB-2014
07:55 AM**

NO. CAAP-11-0000163

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


In the Matter of the Arbitration Between
HAWAI'I ELECTRIC LIGHT COMPANY, INC., Claimant-Appellee, v.
TAWHIRI POWER LLC, Respondent-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 10-1-0390)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Respondent-Appellant Tawhiri Power, LLC (Tawhiri) appeals from a February 24, 2011 Circuit Court of the First Circuit (Circuit Court) (1) Order Granting Claimant-Appellee Hawai'i Electric Light Company, Inc.'s (HELCO) Motion to Confirm Arbitration Award (Order Confirming Arbitration Award) and (2) Judgment.[1] HELCO and Tawhiri, formerly known as Apollo Energy Corporation (Apollo), entered into a Restated and Amended Power Purchase Contract for As-Available Energy (RAC), which required that Tawhiri construct the Kamao'a Switching Station. A dispute arose between HELCO and Tawhiri over responsibility for the Kamao'a Switching Station construction cost overruns (True-Up Issue).[2] Pursuant to an arbitration provision in the RAC[3], a

---

[1]     The Honorable Gary W.B. Chang presided.

[2]     Section 2(d) of the RAC Appendix C stated, in part:
"'interconnection costs' for which Seller [Tawhiri] is responsible, which
(continued...)

three-member arbitration panel (Panel)[4] found that under the RAC, HELCO's contribution for costs incurred in connection with construction of the Kamaoʻa Switching Station was fixed at $782,300. HELCO filed a Motion to Confirm the Arbitration Award, which the Circuit Court granted.

Tawhiri raises a single point of error on appeal, maintaining that the Circuit Court erred in confirming the arbitration award insofar as it related to the True-Up Issue because the panel adjudicated an issue not properly before it and exceeded its powers.

After careful review of the issues raised and arguments made by the parties, the record on appeal, and applicable legal authorities, we resolve Tawhiri's point on appeal as follows and affirm.

In light of the plain language of HRS § 658A-22 (Supp. 2013)[5] and the Hawaiʻi Supreme Court's interpretation of the analogous provisions of HRS Chapter 658, Tawhiri waived its right

---

[2](...continued)
costs shall be reasonable, include the cost of the Kamaoʻa Switching Station (except for $782,300, which shall be Company's [HELCO's] fixed cost contribution toward such cost). . . ." Similarly, Section 1(a)(2)(a) of the RAC Appendix C states that Tawhiri shall design and construct the switching station at its expense, except that HELCO "shall be responsible for $782,300 of the costs of the Kamaoʻa Switching Station[,]" which is HELCO's "fixed contribution[.]"

[3] The RAC required that the parties arbitrate "any dispute under this RAC[.]" It further provided that arbitration will be held in accordance with the prevailing rules of the American Arbitration Association (AAA) for commercial arbitration.

[4] The panel consisted of Chair Frank Rothschild, Esq., and members Scott H. Strauss, Esq. and Kale Feldman, Esq.

[5] HRS § 658A-22 provides:

[§658A-22] **Confirmation of award.** After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

(Emphases added.)

2

to judicial review of the arbitration award by filing a Memo in Opposition to HELCO's Motion to Confirm rather than moving to modify or correct the arbitration award pursuant to HRS § 658A-24 (Supp. 2013), or vacate the award pursuant to § 658A-23 (Supp. 2013). <u>See</u> <u>Arbitration of Bd. of Dirs. of Ass'n of Apartment Owners of Tropicana Manor</u>, 73 Haw. 201, 213, 830 P.2d 503, 510 (1992) ("By seeking clarification of the unambiguous original award instead of moving to vacate, modify, or correct the award pursuant to HRS §§ 658-9 and 658-10, or demanding a trial de novo pursuant to HRS § 514A-127 in a timely fashion, appellees waived their right to any judicial review of the award.").

Our "primary duty in interpreting and applying statutes is to ascertain and give effect to the legislature's intention to the fullest degree." <u>Nat'l Union Fire Ins. Co. v. Ferreira</u>, 71 Haw. 341, 345, 790 P.2d 910, 913 (1990). We do this by first looking at the language of the statute itself. <u>Id.</u> "[W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." <u>Id.</u>

The plain language of HRS § 658A-22 unambiguously states that where a party moves the court to confirm an arbitration award, the court <u>must</u> confirm the award "<u>unless</u> the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23." (Emphasis added.)

The Hawai'i Supreme Court's strict interpretation of the analogous provisions of Chapter 658 supports our conclusion. <u>See</u> <u>Excelsior Lodge Number One, Indep. Order of Odd Fellows v. Eyecor, Ltd.</u>, 74 Haw. 210, 227, 847 P.2d 652, 660 (1992) (Construing the analogous HRS Chapter 658 and refusing to consider a party's appeal of a confirmation order where the party failed to bring a motion under either HRS §§ 658-9 or 658-10).[6]

---

[6] The Hawai'i Supreme Court in <u>Mathewson v. Aloha Airlines, Inc.</u>, 82 Hawai'i 57, 919 P.2d 969 (1996), while distinguishing the facts, "expressly reaffirm[ed]" certain principles set forth in <u>Excelsior Lodge</u> for purposes of appellate review, including that "a party seeking to <u>change</u> the substance or
(continued...)

Here, it is undisputed that Tawhiri did not file a motion to modify, correct, or vacate the award. Thus, pursuant to the plain language of HRS § 658A-22, the Circuit Court was statutorily mandated to confirm the award. See Malahoff v. Saito, 111 Hawaiʻi 168, 191, 140 P.3d 401, 424 (2006) ("It is well-established that, where a statute contains the word 'shall,' the provision generally will be construed as mandatory."). "Departure from the plain and unambiguous language of the statute cannot be justified without a clear showing that the legislature intended some other meaning would be given to the language." Cnty of Hawaiʻi v. UNIDEV, LLC, 129 Hawaiʻi 378, 393, 301 P.3d 588, 603 (2013) (citation, internal quotation marks, and brackets omitted). The "clear intention" of the legislature "is to encourage arbitration as a means of settling differences and thereby avoid[] litigation." Ueoka v. Szymanski, 107 Hawaiʻi 386, 395, 114 P.3d 892, 901 (2005) (citation and internal quotation marks omitted; emphasis in original).

In light of the foregoing, given that Tawhiri seeks to challenge the arbitration award but failed to file a motion to vacate, modify, or correct pursuant to HRS § 658A-23 or § 658A-24, it would ordinarily be foreclosed from appealing the confirmation order. However, Tawhiri argues in its Reply Brief that the panel lacked authority to adjudicate the True-Up Issue is a threshold jurisdictional issue, which cannot be waived.

In Tropicana Manor, the Hawaiʻi Supreme Court held that an arbitrator exceeded his authority by reopening an arbitration hearing after issuing an award. 73 Haw. at 203, 830 P.2d at 505.

---

⁶(...continued)
amount of an arbitration award must timely move either to vacate the award under HRS § 658-9 or to modify or correct it under HRS § 658-10." Mathewson, 82 Hawaiʻi at 82, 919 P.2d at 994 (emphases in original).

Moreover, the Hawaiʻi Supreme Court in Gepaya v. State Farm Mutual Auto. Ins. Co., 94 Hawaiʻi 362, 14 P.3d 1043 (2000) stated that "[i]f the motion brought by the moving party does not come within one of the [] specific grounds [set forth in HRS § 658-9 or § 658-10], the circuit court is powerless to vacate, modify, or correct an award and has no alternative but to confirm the award and to enter a judgment accordingly." 94 Hawaiʻi at 366, 14 P.3d at 1047 (citation, internal quotation marks, and brackets omitted).

In reaching its conclusion, the court found that appellants could not have waived their right to object to the arbitrator's authority to reopen the hearing and issue an amended award even though they participated in the reopened proceedings "because a jurisdictional issue as to the arbitrator's authority to reopen the hearing is involved[.]" Tropicana Manor, 73 Haw. at 211, 830 P.2d at 509.

"Judicial review is limited to cases in which the arbitrators manifestly exceed the agreement between the parties." Tatibouet v. Ellsworth, 99 Hawai'i 226, 234, 54 P.3d 397, 405 (2002). The Hawai'i Supreme Court has "reserved the phrase 'exceeded their powers' as reference to arbitrators' improper consideration of matters outside the scope of the arbitration agreement[.]" Id., at 235, 54 P.3d at 406. "Undue judicial review, and subsequent interference, would not only stymie legislative intent but would also thwart the intent of the parties." Id., at 236, 54 P.3d at 407.

"Under Hawai'i law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." UNIDEV, 129 Hawai'i at 394, 301 P.3d at 604 (citation and internal quotation marks omitted). We determine "[w]hat issues, if any, are beyond the scope of a contractual agreement to arbitrate [] on the wording of the contractual agreement to arbitrate." Id. (citation and internal quotation marks omitted, emphasis in original). We interpret an arbitration agreement like a contract. Id., at 395, 301 P.3d at 605. "As with any contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." Lee v. Heftel, 81 Hawai'i 1, 4, 911 P.2d 721, 724 (1996) (citation, internal quotation marks, and brackets omitted).

Assuming, arguendo, that Tawhiri's arguments amount to a challenge to the jurisdiction of the arbitrator, we conclude that the arbitration provision here, i.e., that the parties arbitrate "*any* dispute under [the] RAC[,]" constitutes a "general" arbitration clause and should be construed broadly to

include the True-Up Issue.  UNIDEV, 129 Hawai'i at 395, 301 P.3d at 605 (arbitration provision including "[a]ny dispute arising under the terms of this Agreement" was a general clause and to be interpreted broadly).  Interpretation of the arbitration provision's scope to exclude the True-Up Issue "appears unnecessarily narrow[,]" Id., especially given that the RAC specifically addressed the parties' responsibilities for the cost of the Kamao'a Switching Station and, as in UNIDEV, "the general arbitration clause contained no limiting language that could have narrowed its scope."  Id., at 395-96, 301 P.3d at 605-06 (citation and internal quotation marks omitted).

Therefore, the February 24, 2011 Order Confirming Arbitration Award and Judgment entered by the Circuit Court of the First Circuit are affirmed.

DATED:  Honolulu, Hawai'i, February 28, 2014.

On the briefs:

Randall K. Schmitt
Paul B.K. Wong
Laura S. Lucas
(McCorriston Miller Mukai
MacKinnon)
for Respondent-Appellant.


Bruce L. Lamon
Abigail M. Holden
(Goodsill Anderson Quinn &
Stifel)
for Claimant-Appellee.

Presiding Judge

Associate Judge

Associate Judge